DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>REMY AUGUSTIN, )<br>)<br>Defendant. )<br>_____) | Criminal Action No. 2000-0004 |

**Appearances:**
**Alphonso G. Andrews, Jr., Esq.**
St. Croix, U.S.V.I.
   *For the Government*

**Remy Augustin**
   *Pro Se*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THE MATTER is presently before the Court on Defendant Remy Augustin's "Motion for Compassionate Release" (Dkt. No. 384), and the Government's Opposition thereto (Dkt. No. 390). For the reasons discussed below, Defendant's Motion will be denied.

### I.   BACKGROUND

On December 22, 2000, Defendant Remy Augustin ("Defendant" or "Augustin") was convicted by a jury of three counts of robbery affecting interstate commerce in violation of the Hobbs Act, five counts of first-degree robbery, and four counts of using a firearm during a crime of violence. The charges arose from a series of robberies committed by Defendant and his accomplices against businesses on St. Croix, Virgin Islands.

On December 19, 2001, District Judge Raymond L. Finch sentenced Defendant to three concurrent 121-month sentences on the Hobbs Act robbery counts, to run consecutively to the 300-

month firearm sentences, for a total of 421 months imprisonment on federal charges. He was also sentenced to a total of 20 years imprisonment for territorial charges. Defendant's territorial sentence runs concurrently with his 421-month federal sentence. (Dkt. No. 390 at 2). Defendant is currently imprisoned at United States Prison Atwater ("USP Atwater"), in Atwater, California.

On May 20, 2020, Defendant filed the instant "Motion for Compassionate Release," dated May 11, 2020. (Dkt. No. 384). Defendant requests that the Court reduce his "stacking [18 U.S.C.] § 924(c) sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), [USSG] § 1B1.13, cmt. n.1(D), in light of the First Step Act's amendment . . . ." (Dkt. No. 384 at 1).[1] He contends that he has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A), "by filing a request with the warden of U.S.P. Atwater, on 4/9/2020," and that thirty days had passed without the Warden responding. *Id.* at 6.

Defendant argues that the Court may find that his stacking sentences imposed under 18 U.S.C. § 924(c) is an "extraordinary and compelling reason" to grant this motion for compassionate release. *Id.* at 8. He also cites his steps toward rehabilitation and his youth at the time of his offenses as additional grounds for relief. *Id.* at 12-18. Although the Sentencing Commission's commentary limits the reasons to grant compassionate release to certain medical conditions, serious deterioration related to aging, certain family circumstances, and other extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons," U.S.S.G. § 1B1.13, n.1, Defendant contends that the First Step Act supersedes the Commission's

---

[1] Courts discussing these issues at various times refer to the Sentencing Commission's "policy statement" or its "commentary" when referencing U.S.S.G. § 1B1.13. That provision of the Guidelines contains both a Policy Statement and Commentary. As noted in U.S.S.G. § 1B1.7, the commentary section that follows a guideline may interpret or explain that provision's application. It also my "suggest circumstances which . . . may warrant departure from the guidelines. Such commentary is to be treated as the legal equivalent of a policy statement." For these reasons, the Court uses the terms "policy statement" and "commentary" interchangeably.

policy statement or commentary and permits the Court to find that he has established "extraordinary and compelling" reasons for compassionate release because of his punitive sentencing, youth, and rehabilitation. *Id.* at 11-12.

The Government opposes Defendant's motion, arguing that Augustin seeks an unspecified sentence reduction—which is not permitted under 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 390 at 4). The Government also argues that the First Step Act amendment to the stacking requirement of § 924 does not apply to sentences imposed prior to the amendment's enactment in 2018. Thus, the Government contends that Augustin, who was sentenced in 2001, is not entitled to relief from the stacking statute. *Id.* at 4-6. Further, the Government argues that the First Step Act does not supersede the USSG § 1B1.13's commentary and that any sentence reduction must be applied "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 7 (quoting 18 U.S.C. § 3582(c)(1)(a)(ii)) (internal quotation marks omitted). The Government argues that the Court should reject the cases upon which Augustin relies and find that stacking sentences are not an "extraordinary and compelling" reason for compassionate release. *See id.* at 16-28.

## II. DISCUSSION

Once a federally imposed sentence commences, a district court has limited authority to modify that sentence. One source of such authority is found in the First Step Act, which allows the Court to consider a defendant's motion for compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). This statute provides, in relevant part:

> (c) Modification of an imposed term of imprisonment.--The court may *not* modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case--

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction….
>
> . . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). Thus, once the defendant has satisfied the exhaustion requirement, the statute allows a court to reduce an inmate's sentence if the court finds that: (1) "extraordinary and compelling reasons" warrant a reduction; (2) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission," and (3) the applicable § 3553(a) sentencing factors warrant the reduction. 18 U.S.C. § 3852(c)(1)-(2).

As to the exhaustion requirement, Augustin asserts that he submitted a request for compassionate release to the warden at USP Atwater on April 9, 2020, and he did not receive a response within 30 days. (Dkt. No. 384 at 6). The Government does not dispute that Augustin has exhausted his administrative remedies as required by § 3582(c)(1)(A). (Dkt. No. 390 at 7). Accordingly, the Court will address the merits of Augustin's arguments.

Augustin's Motion asserts that he is entitled to a reduced sentence because his original sentence was excessive as a result of the stacking of his sentences under 18 U.S.C. § 924(c). He contends that because the First Step Act eliminated this stacking provision for new offenders, Congress itself determined such punishments were "too harsh and unfair." (Dkt. No. 385 at 12).

He argues that due to the unreasonably harsh impact of the stacking provision on his total sentence, plus his efforts at rehabilitating himself and his young age at the time of his offenses (18 years old), he has established "extraordinary and compelling reasons" for reduction of his sentence. *Id.* at 12-13, 16-17.

Under the First Step Act, any compassionate release must be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The comments to U.S.S.G. § 1B1.13 state, in relevant part, that the "extraordinary and compelling reasons" for a compassionate release consist of the following circumstances:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—
   (I) suffering from a serious physical or medical condition,
   (II) suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D) Other Reasons.--*As determined by the Director of the Bureau of Prisons*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, n.1 (emphasis added).

The Third Circuit has not yet resolved whether the First Step Act allows district courts to independently determine extraordinary and compelling reasons under the compassionate release statute and the Commission's policy statements and commentary. This issue arises as a result of the seeming limitation of "[o]ther [r]easons" in the Commission's commentary to those "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, n.1. One Third Circuit panel—without resolving the issue—noted that "[t]he Sentencing Commission has not yet amended § 1B1.13 or its commentary to account for the First Step Act. In the meantime, the District Courts are divided on whether and how to apply the catch-all 'other reasons' category and its reference to determinations made by the Director." *United States v. Handerhan*, 789 F. App'x 924, 925 n.1. (3d Cir. 2019) (citing *United States v. Fox*, 2019 WL 3046086, at *2 (D. Me. July 11, 2019) (citing cases)). To date, the Sentencing Commission has not revised § 1B1.13 or its commentary relating to compassionate release notwithstanding the amendments set out in the First Step Act.

The majority of courts that have considered the issue have found that they have the discretion to determine "other reasons" that might support a finding of extraordinary and compelling reasons for a sentence reduction. *See United States v. Adeyemi*, ___ F. Supp. ___, 2020 WL 3642478, at *10 n.123, n. 128 (E.D. Pa. July 6, 2020) (collecting cases). Courts usually put forth at least one of the following rationales: (1) Congress adopted the First Step Act intending to redress how infrequently the BOP makes these motions and wanted to increase the use of

compassionate release sentence reductions under § 3582(c)(1)(A);[2] (2) the Commission's policy statement and commentary for U.S.S.G. § 1B1.13 are no longer binding on courts because those statements are is no longer authoritative where—as here—they are inconsistent with a federal statute;[3] and (3) "[t]he rule of lenity mandates that when two rational readings of a statute are possible, the one that treats the defendant less harshly prevails."[4] Other courts have "concluded to the contrary, either simply presuming or actually holding that the current [Sentencing Commission] policy statement is binding even after passage of the First Step Act." *United States v. Young*, 458 F. Supp. 3d 838, 845 n.4 (M.D. Tenn. Mar. 4, 2020 ) (collecting cases). Under the circumstances here, however, the Court need not decide the issue because, even assuming that the Court has the authority to independently determine extraordinary and compelling reasons, Defendant's request for relief nonetheless fails.

Assuming—without deciding—that the "other reasons" provision extends to this Court the authority to consider reasons beyond those listed by the Sentencing Commission when reviewing a compassionate release motion, Augustin fails to persuade this Court that it can consider his stacking sentences as one of those "other reasons." While Augustin cites to certain district court decisions finding that the stacking provision of 18 U.S.C. § 924(c) may be an "extraordinary and

---

[2] *See, e.g., United States v. Young*, 458 F. Supp. 3d 838, 844 (M.D. Tenn. Mar. 4, 2020); *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019).

[3] *See, e.g., United States v. Young*, 458 F. Supp. 2d at 845 (Commentary in Sentencing Guidelines Manual that "interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute") (citing *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

[4] *See, e.g., United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. June 17, 2019) (citing *McNally v. United States*, 483 U.S. 350, 359-60 (1987)).

compelling" reason to grant a motion for compassionate release,[5] this Court disagrees that such is the case under the circumstances here. (Dkt. No. 390 at 14-15).

Section 403(b) of the First Step Act, amending 18 U.S.C. § 924, states: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat. 5194 (emphasis added). Some district courts within the Third Circuit have found that, while stacking sentences may be considered with compassionate release motions, such sentences may not be the sole basis for granting such a motion. *See United States v. Adeyemi*, ___ F. Supp. ___, 2020 WL 3642478, at *25 (refusing to rely *solely* on the 32-year sentence—"stacked" under § 924(c)—but allowing consideration of that sentence along with other grounds for relief);[6] *see also United States v. Adams*, 2020 WL 6063055 at *5 (D.N.J. Oct. 14, 2020) (stacking sentences, defendant's rehabilitation, and COVID-19 pandemic did not support a reduction in defendant's sentences).

On the other hand, another court in the Third Circuit has determined that allowing consideration of stacking sentences imposed prior to the enactment of the First Step Act as part of a motion for compassionate release poses an insurmountable separation of powers issue. *See*

---

[5] *See United States v. Redd*, 444 F. Supp. 3d 717, 724 (E.D. Va. Mar. 16, 2020); *United States v. O'Bryan*, 2020 WL 869475. *1 (D. Kan. Feb. 21, 2020); *United States v. Maumau*, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020); *United States v. Urkevich*, 2019 WL 6037391, at *3-4 (D. Neb. Nov. 14, 2019).

[6] The Court in *Adeyemi* considered the defendant's status at the time of the two Hobbs' Act robberies (a 19-year-old immigrant college student with no criminal history) who served only as a nonviolent getaway driver; his prior model childhood; the shorter sentences imposed on the actual gunmen who pled guilty to the crimes; his positive behavior while incarcerated, including taking classes, working and fully repaying restitution and special fees; his acceptance of responsibility; as well as his long-term chronic asthma and the impact of COVID-19 at the facility in which he was incarcerated." ___ F. Supp. ___, 2020 WL 3642478, at *26-28.

*United States v. Andrews*, ___ F. Supp. 3d ___, 2020 WL 4812626, at *9-10 (E.D. Pa. Aug. 19, 2020) (court would not consider stacking sentences in reviewing compassionate release motion because such consideration would invade the Legislative Branch's power to determine the temporal scope of its sentencing statutes). This Court finds, as in *Andrews*, that the explicit terms of the First Step Act would preclude any consideration of Defendant's stacking sentences given that Defendant's sentences were imposed long before the enactment of the Act and were expressly excluded from retroactive application of those amendments.

Here, Augustin's motion focuses primarily on the lengthy sentences imposed on him due to the § 924(c) stacking provision. Based on the explicit language of section 403(b) of the First Step Act, this Court declines to consider that factor as an appropriate "other reason" for compassionate release. This leaves Augustin's claims of his youth at the time of his crimes and his steps toward rehabilitation as grounds to grant his Motion.

Upon consideration of Augustin's youth and rehabilitation arguments, the Court finds that the reasons given do not rise to the level of extraordinary or compelling. "The ordinary meaning of extraordinary is '[b]eyond what is usual, customary, regular, or common,'" while "the ordinary meaning of compelling need is '[a] need so great that irreparable harm or injustice would result if it is not met.'" *Andrews*, ___ F. Supp. 3d ___, 2020 WL 4812626, at *10 (quoting BLACK'S LAW DICTIONARY (10th ed. 2014)). Under the plain terms of the First Step Act, a defendant's rehabilitation is insufficient, standing alone, to constitute "compelling and extraordinary reasons," 28 U.S.C. § 994(t). Moreover, the Court finds also considering Defendant's age does not alter the outcome. While Augustin was 18 years of age at the time of his crimes, his convictions arose from

9

a series of violent offenses taking place over a 10-day period, and his age was considered at the original sentencing. 18 U.S.C. § 3553(a). (Dkt. No. 390 at 1-2).[7]

Accordingly, even assuming—without deciding—that the Court can independently consider other reasons for compassionate release, the Court rejects Augustin's argument that his stacking sentences are a legitimate basis for consideration under the First Step Act. In addition, the Court finds that Augustin's other bases for relief—his youth and his rehabilitative efforts in prison—are inadequate to show "extraordinary and compelling reasons" to justify relief. Accordingly, the Court will deny Defendant's Motion for Compassionate Release.

An appropriate Order accompanies this Memorandum Opinion.

Date: November 24, 2020                            _____/s/_____
                                                   WILMA A. LEWIS
                                                   Chief Judge

---

[7] As the Government further notes, after his sentencing in the present case, Augustin was thereafter sentenced in another case for convictions arising from at least four federal charges and seven territorial crimes of robbery, carjacking, and firearms violations. *United States v. Robles, et al.,* Case No. 2001-cr-0027. The Government asserts that Augustin was sentenced in that case to 375 months incarceration. Although Augustin was sentenced for these offenses after the sentences imposed in the current case, the underlying crimes in Case No. 01-cr-0027 allegedly occurred over a three-week period approximately 7 months before the offenses at issue in the instant case. This suggests an on-going pattern of criminality, not just one or two occasions of poor judgment of a young person.